UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JERRON LAMAR BRANCH,

                Plaintiff,                    Case No. 2:12-cv-16

v.                                        Honorable Gordon J. Quist

CATHERINE BAUMAN, et al.,

                Defendants.
_____/

### OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Bauman. The Court will serve the complaint against Defendants Brighton and Rath.

**Discussion**

I.      Factual allegations

Plaintiff Jerron Lamar Branch, a prisoner confined to the Alger Maximum Correctional Facility (LMF), filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff names Warden Catherine Bauman, Sergeant Unknown Brighton, and Corrections Officer Unknown Rath as Defendants in this case.

In Plaintiff's complaint, he alleges that on December 15, 2010, while in the segregation unit, Defendant Rath called him a "watermelon monkey," which resulted in a verbal altercation.  Later that afternoon, Plaintiff was removed from his cell for a routine shower.  When Plaintiff returned, he discovered that his mattress had been removed.  When Plaintiff asked Defendant Rath why he had taken the mattress, Defendant Rath stated, "Running your mouth, write a grievance."  At 6:54 p.m., Defendant Brighton came to Plaintiff's cell front to review a misconduct report written by Defendant Rath, which alleged that Plaintiff had pulled the lining from his mattress.  Plaintiff states that a reviewing sergeant may dismiss a misconduct report where it has been issued inappropriately, so he explained the situation to Defendant Brighton and asserted that the misconduct was retaliatory.  Plaintiff also informed Defendant Brighton that the mattress was in the same condition that it had been in when he received it, and that this could be verified by checking the unit cell inspection log.  Defendant Brighton refused to verify this information and told Plaintiff to "Deal with it."

Plaintiff then filed a grievance regarding the deprivation of a mattress, which was rejected by Defendant Bauman at step II.  On December 20, 2010, Plaintiff wrote to Defendant Bauman and Assistant Deputy Warden Lyle Rutter, complaining of the lack of a mattress, to no avail.  Plaintiff was forced to sleep in the concrete floor for seven days, until his hearing on the

misconduct report.  On December 22, 2010, Plaintiff was found not guilty of the misconduct and his mattress was returned to him.  Plaintiff states that he filed several health care requests between December 22, 2010, and January 24, 2010, complaining of back pain as a result of sleeping without a mattress.

Plaintiff states that Defendants' conduct violated his constitutional rights.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

-3-

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some

-4-

other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must

show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959

(6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient

grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory

official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D.

Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims

cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp.

335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

      Plaintiff has not alleged facts establishing that Defendant Bauman was personally

involved in the activity which forms the basis of his claim.  Defendant Bauman's only role in this

action involves the denial of administrative grievances or the failure to act.  Defendant Bauman

cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

1999), *cert. denied*, 530 U.S. 1264 (2000).  Accordingly, the Court concludes that Plaintiff's claims

against Defendant Bauman are properly dismissed for lack of personal involvement.

## Conclusion

      Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Defendant Bauman will be dismissed for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Rath and Brighton.

An Order consistent with this Opinion will be entered.

Dated:  June 8, 2012                                        _____/s/ Gordon J. Quist_____
                                                                           GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE